AARON M. CLEFTON, Esq. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone: 510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
LATASHA BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>KHAI T. NGUYEN dba KT DENTAL,<br><br>    Defendant. | CASE NO. 4:25-cv-9828<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>**3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff LATASHA BROWN complains of Defendant KHAI T. NGUYEN dba KT DENTAL, and alleges as follows:

1.  **INTRODUCTION:**  Defendant denied Plaintiff dental services because she is disabled and uses a mobility scooter, and Defendants maintain an inaccessible entrance to KT Dental located at 1644 B Street, Hayward, California. Plaintiff had a dentist appointment at KT Dental on September 2, 2025. She had been referred to KT Dental by her regular dentist for a root canal. She was experiencing oral pain when she arrived. Plaintiff had been waiting to get her tooth fixed for several months, and she was looking forward to having relief from the pain. But due to Defendant's thoughtlessness or intention when considering disabled patients, when

1

Plaintiff arrived at KT Dental, there was no way for her to get inside the dental office in her mobility scooter. In order to enter KT Dental, patients are required to climb one small step and a high door threshold. Plaintiff is physically unable to do that. There was no doorbell or other means for Plaintiff to get the attention of Defendant's employees inside the dental office, and no one was answering the phone of KT Dental.

2.      Plaintiff waited outside several minutes until another patient came out, and then she got the attention of one of Defendant's employees. She asked the employee if there was another entrance to the dental office which was accessible, but the employee told Plaintiff that there was no accessible entrance to the dental office. The employee informed Plaintiff that the dentist would not be able to see her unless she could climb the stairs to get inside. Plaintiff was refused treatment at KT Dental because she is disabled and unable to climb stairs.

3.      It need not be this way. There is plenty of space to ramp the steps to the entrance, and doing so can be done without much difficulty or expense.

4.      The discrimination caused Plaintiff difficulty, discomfort and embarrassment from being refused treatment and having to continue to be in pain from her tooth. Plaintiff suffered the humiliating loss of her independence and her federal and state civil rights because the Defendant, owner and operator of these particular facilities, failed to provide the most basic access for disabled persons.

5.      Plaintiff seeks to require Defendant to make these facilities accessible and to enact policies and procedures that ensure that the accessible features at the property are properly maintained as accessible. In addition to requiring that Defendant's facilities be made more accessible to disabled persons, as required by federal and state laws, Plaintiff seeks compensation for her personal damages, and recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this action.

6.      Defendant denied disabled Plaintiff LATASHA BROWN accessible public facilities, including an accessible path of travel to enter the building. Plaintiff LATASHA BROWN is a "person with a disability" or "physically handicapped person" who requires the use of a scooter or wheelchair for mobility. She is unable to use portions of public facilities which are

2

not accessible to mobility disabled persons. On or about September 2, 2025, Plaintiff was denied her civil rights to full and equal access at KT Dental under both California law and federal law, and continues to have her rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who must use a wheelchair or other assistive device for mobility due to the failure of Defendant who is the owner and operator of the facilities to comply with the law.

7.    **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

8.    **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

9.    **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

10.    **PARTIES:** Plaintiff has been diagnosed with sarcoidosis, diabetes, high blood pressure, and arthritis. She is in need of a left hip replacement and has severe bone pain. Plaintiff is substantially limited in her ability to walk. Although she can stand and transfer, she cannot walk more than a few step and cannot traverse stairs independently. Plaintiff is a qualified physically disabled person who requires the use of a mobility scooter or wheelchair for locomotion.

11.    Defendant KHAI T. NGUYEN dba KT DENTAL, is and was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all times relevant to this Complaint.

3

12. KT Dental is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(B) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*. On information and belief, KT Dental and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq*., and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9). Further, Plaintiff's claims relate to discriminatory policies and practices, as well as encountering architectural barriers, and improvement of those policies and practices is itself readily achievable.

13. **FACTUAL STATEMENT:** To ameliorate her disability, Plaintiff takes numerous medications, including prednisone, which affects her teeth and bone health. As a result, she has repeated dental issues and a longstanding dental condition involving the upper left portion of her mouth. She has been experiencing significant pain. In the summer of 2025, Plaintiff went to her regular dentist at Access Community Health, and she was informed she needed a root canal.

14. Access Community Health advised Plaintiff that they were unable to perform the root canal she required, and her dentist referred Plaintiff to Defendant at KT Dental to receive treatment. In late July or early August 2025, Plaintiff called KT Dental, and she scheduled an appointment for September 2, 2025, at 11:40 am. Defendant's employee instructed Plaintiff to arrive by 11:00 am on the day of her appointment to complete paperwork.

15. Several days before her appointment, Plaintiff arranged for transportation from her home in Dublin to KT Dental in Hayward. Due to her mobility disability, Plaintiff needs to be

4

transported in an accessible vehicle, so she contacted Alameda Alliance for Health which provides transportation to medical appointments.

16.     On September 2, 2025, Plaintiff left her home around 10:00 am, so that she would be sure to arrive at KT Dental by 11:00 am as requested by Defendant. The trip to KT Dental required approximately 40 minutes of travel time.

17.     Plaintiff arrived at the medical building where KT Dental is located around 10:45 am. Her driver assisted her in locating the correct address within the multi-building medical complex before departing.

18.     When Plaintiff reached the front entrance of KT Dental, she discovered that she could not access the doorway in her mobility scooter due to changes in level at the entry. In order to get to the front entrance door of KT Dental, Plaintiff saw that she would have to climb two small steps, one step up to the door landing area and then a high threshold at the door. There was no ramp for access, nor was there any signage at the entrance indicating an accessible path of travel. A photograph of the entrance is shown below:



19.     Plaintiff was stuck below the landing of the door in her mobility scooter. She could

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

not reach or open the door on her own because of these barriers. Plaintiff saw no doorbell or intercom that would have allowed her to gain the attention of Defendant's employees, so she called KT Dental from outside the entrance to request assistance. When no one picked up the phone, she called several more times. However, no one answered her call. Plaintiff waited approximately 10 minutes hoping someone would exit the office. When another patient eventually opened the door to leave, Plaintiff asked the patient to hold the door open so she could get the attention of an employee inside the dental office.

20.    One of Defendant's employee's came to the door to speak with Plaintiff. Plaintiff told that employee that she had an 11:40 am appointment at KT Dental, and she asked the employee how she could enter the office in her mobility scooter. The employee informed Plaintiff that there was no way for her to enter the facility. Plaintiff asked whether KT Dental had a ramp, but the employee said there was no ramp. Plaintiff then asked the employee whether there was an accessible entrance through the back or another route, but the employee informed her that there was no way for her to enter KT Dental in her mobility scooter.

21.    Plaintiff asked Defendant's employee if there was any way she could receive treatment at KT Dental. Instead of providing a reasonable accommodation or assistance, Defendant's employee recommended Plaintiff that try to schedule an appointment with a dentist in San Ramon, and she wrote down the contact information for another dentist for Plaintiff to call. Defendant's employee then went back inside the dental office and closes the door, leaving Plaintiff outside still in pain and with nowhere to go until the medical transport returned to pick her up.

22.    Plaintiff remained outside the building for more than an hour, waiting in the heat for her driver to return. She attempted to stay in the shade, and luckily she had water with her, but she was very uncomfortable due to the heat and her tooth pain. Her driver returned around 12:45 pm and took Plaintiff home.

23.    Plaintiff later contacted the San Ramon dental provider that Defendant's employee had recommended, but she was told they could not treat her because they did not accept her insurance. Plaintiff still has not been able to schedule a root canal with another dentist. Access

6

Community Health is still attempting to locate a dental provider who accepts Plaintiff's insurance and can treat her medical needs.

24.    The lack of access to KT Dental was very distressing and disappointing for Plaintiff. She wishes to return to KT Dental because it is a dental office in the area which performs root canals and other procedures *and* accepts her dental insurance. It has been very difficult for Plaintiff to find an alternative dental office in the bay area. However, Plaintiff cannot return to KT Dental until the premises is made accessible to disabled individuals such as herself.

25.    Defendant has failed to provide an accessible entrance and path of travel to get into KT Dental. To the extent that Defendant could not make the facility fully accessible because to do so was not feasible or readily achievable, it has failed to make the entrance and path of travel as accessible as possible for disabled persons. Plaintiff estimates the cost of providing a ramp to allow a wheelchair/scooter user entrance to the dental office would be less than $1,500 - $5,000. Further, this would be easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the facility safely and independently. More than 34 years after the ADA requires such barriers to be removed, they should have been by now.

26.    Plaintiff's CASp investigator found the following additional barriers at the site that may affect Plaintiff in the future:

- Parking is less than 18' deep
- Access aisle is not 8' wide
- Parking has slopes over 2%
- Parking access aisle has slopes over 2%
- Access aisle has opening (tripping hazards) over 1/2" wide
- Access aisle has objects (post) in it
- Access aisle is not blue color
- Access aisle lacks warning on surface of "no parking"
- Parking sign lacks warning of $250 penalty
- No tow away sign.

7

- No directional signage

- There are two parking lots and only one ADA parking provided.

- Overall parking count is between 25 and 50 and only one parking stall provided.

- No directional signage from public right of way

- Vertical tripping hazard on connection between path of travel and sidewalk

- Path of travel has areas over 5% in direction of travel

- Path of travel has horizontal gaps over 1/2"

- No access to suite 1644 due to a two-step approach of 7" each

- Door handle is not easy operated and require twisting

- Door doesn't provide clear space due to steps.

27.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

28.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

29.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates them herein as if separately re-pleaded.

30.     In 1990 the United States Congress made findings that laws were needed to more

8

fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

31.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

32.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

33.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "profession office of a health care provider, hospital or other service establishment." 42 USC § 12181(7)F).

34.     The ADA states that "No individual shall be discriminated against on the basis of

9

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

35.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since

10

January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

36.    The ability to safely and independently enter a facility is fundamental to enjoying and using any establishment providing health or dental care. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a dental office, such as the costs of ensuring fire safety. It is thus readily achievable to remove these barriers.

37.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

38.    Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing KT Dental and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

39.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff LATASHA BROWN is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendant has continued to violate the law and

11

deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public

accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

40.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil

Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

implement the Americans with Disabilities Act of 1990. Plaintiff LATASHA BROWN is a

qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to

discrimination on the basis of disability in violation of Title III and who has reasonable grounds

for believing she will be subjected to such discrimination each time that she may use the property

and premises, or attempt to patronize KT Dental, in light of Defendant's policies and physical

premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

41.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

factual allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them

herein as if separately re-pleaded.

42.    At all times relevant to this complaint, California Civil Code section 51 has

provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

12

43.    California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

44.    Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

45.    Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

46.    The actions and omissions of Defendant's as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's actions and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

47.    **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the

13

provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF
### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION
### (California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)

48.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 47, above, and incorporates them herein by reference as if separately repled hereafter.

49.     Plaintiff LATASHA BROWN and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

50.     Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

2  each such "alteration, structural repair or addition" was carried out. On information and belief,

3  Defendant and/or their predecessors in interest carried out new construction and/or alterations,

4  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

5  been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations,

6  structural repairs, and/or additions which triggered access requirements at all relevant portions

7  KT Dental, also occurred between July 1, 1970, and December 31, 1981, and required access

8  pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to

9  the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on

10 information and belief, additions to the building after the initial construction also occurred after

11 January 1, 1972, triggering access requirements per Health and Safety Code section 19959.

12 Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42

13 USC sections 12182 and 12183 of the ADA.

14    51.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

15 omissions of Defendant as complained of herein which are continuing on a day-to-day basis and

16 which have the effect of wrongfully excluding Plaintiff and other members of the public who are

17 physically disabled from full and equal access to these public facilities. Such acts and omissions

18 are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions

19 continue to treat Plaintiff as an inferior, and second-class citizen. They serve to discriminate

20 against her on the sole basis that she is a person with disabilities who requires the use of a

21 mobility scooter or other assistive device for movement in public places, including the addition of

22 a fully compliant accessible path of travel and entrance at KT Dental.

23    52.    Plaintiff is deterred from returning to use these facilities, because the lack of

24 access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff

25 is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to

26 and use of these public facilities. Therefore, Plaintiff cannot return to patronize KT Dental and its

27 facilities, and is deterred from further patronage until these facilities are made properly accessible

28 for disabled persons. Plaintiff intends to return subject premises to receive dental care. She will

return to the subject premises if it is made accessible to her.

53. The acts of Defendant has proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to the Defendant, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

54. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

55. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the

16

architectural and other barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to attempt to KT Dental and will continue to cause her damages each day these barriers to access continue to be present.

56.    **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff LATASHA BROWN prays for judgment and the following specific relief against Defendant:

1.    Issue a preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all

17

persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, and general damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest pursuant to Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

Date: November 14, 2025                          CLEFTON DISABILITY LAW

                                                  */s/ Aaron Clefton*
                                                 By AARON CLEFTON, Esq.
                                                 Attorney for Plaintiff
                                                 LATASHA BROWN

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: November 14, 2025                          CLEFTON DISABILITY LAW

                                                  */s/ Aaron Clefton*
                                                 By AARON CLEFTON, Esq.
                                                 Attorney for Plaintiff
                                                 LATASHA BROWN

18